Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| Luis R. Hernández Rivera<br><br>**Recurrente**<br><br>Vs.<br><br>Departamento de Corrección y Rehabilitación<br><br>**Recurrido** | TA2026RA00254 | *REVISIÓN ADMINISTRATIVA* procedente del Departamento de Corrección y Rehabilitación<br><br>Querella Núm. GMA500-108-26<br><br>SOBRE:<br>Solicitud de Revisión Judicial |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

**Hernández Sánchez, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de mayo de 2026.

El 18 de mayo de 2026, el Sr. Luis R. Hernández Rivera (señor Hernández o el recurrente), miembro de la población correccional, compareció ante nos, por derecho propio, *in forma pauperis*, mediante un escrito intitulado *Moción en Auxilio, Revisión Judicial en Violación a Derechos Constitucionales* y solicitó la revisión de una *Respuesta del Área Concernida/Superintendente* que se emitió el 3 de abril de 2026 y se notificó el 8 de abril de 2026 por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (División de Remedios). Mediante el aludido dictamen, la División de Remedios le informó al recurrente que, el 3 de marzo de 2026, se brindó seguimiento al referido realizado a la Sección del Programa de Evaluación y Asesoramiento (SPEA), y que la Secretaria de dicho programa indicó que el señor Hernández aun permanencia en lista de espera para su integración a terapias.

Por los fundamentos que expondremos a continuación, **confirmamos** el dictamen recurrido.

I.

El 17 de febrero de 2026, el señor Hernández presentó una *Solicitud de Remedio Administrativo.*[1] En esta, solicitó ser considerado para el nuevo grupo de terapias del SPEA, alegando que lleva aproximadamente un año y dos meses en la institución sin haber sido integrado a dichos servicios, pese a que las terapias fueron solicitadas inicialmente en el año 2024 y nuevamente en el año 2025 por personal sociopenal. Asimismo, reclamó su derecho a beneficiarse de programas de rehabilitación, tales como pase extendido electrónico, programas seculares de desvío o trabajo fuera de la institución, por encontrarse recomendado para ello.

Evaluada la solicitud, el 3 de abril de 2026, la División de Remedios emitió una *Respuesta del Área Concernida/Superintendente* que se notificó el 8 de abril de 2026 mediante la cual le informó al recurrente que, el 3 de marzo de 2026, se brindó seguimiento al referido realizado a la SPEA, y que la Secretaria de dicho programa indicó que el señor Hernández aun permanencia en lista de espera para su integración a terapias.[2]

Inconforme con este dictamen, el 30 de abril de 2026, el recurrente presentó una *Solicitud de Reconsideración.*[3] Allí, sostuvo que la Sección 19 del Artículo VI de la Constitución del Estado Libre Asociado de Puerto Rico reconocía la rehabilitación moral y social de la población correccional como un principio rector del sistema. Asimismo, indicó que una de las herramientas que utilizaba el sistema correccional para promover la buena conducta y atender situaciones de ansiedad era la participación en terapias, por lo que

---

[1] *Véase*, págs. 4 y 5 de los anejos incluidos con la *Moción en Cumplimiento de Resolución* presentada por el DCR.
[2] *Véase*, págs. 8 y 9 de los anejos incluidos con la *Moción en Cumplimiento de Resolución* presentada por el DCR.
[3] *Véase*, pág. 10 de los anejos incluidos con la *Moción en Cumplimiento de Resolución* presentada por el DCR.

la falta de acceso a estas podría afectar su proceso de rehabilitación y su plan institucional.

Ese mismo día, a saber, el 30 de abril de 2026, la División de Remedios emitió una *Respuesta de Reconsideración* [...] denegando la solicitud de reconsideración presentada por el recurrente.[4] Particularmente expresó lo siguiente:

> Luego de evaluar la totalidad del expediente determinamos lo siguiente: se confirma la Respuesta del Área de Sociales. Sr. Hernández Rivera en su Solicitud de Remedio usted expresó su interés en ser integrado a terapia. Se le informó que fue referido. Le corresponde esperar a ser llamado para tomar las mismas.

Aún en desacuerdo, el 18 de mayo de 2026, el señor Hernández presentó el recurso de epígrafe en el cual, en síntesis, nos solicitó que le ordenáramos al Departamento de Corrección y Rehabilitación (DCR o la recurrida) autorizar su participación e integración a las terapias del SPEA, por entender que estas son necesarias para su proceso de rehabilitación y para evitar que se afecte su plan institucional.

Cabe precisar que, el señor Hernández no acompañó su recurso con un apéndice completo. En consecuencia, le ordenamos al DCR proveer los documentos necesarios para una adecuada revisión del recurso. En cumplimiento con dicha orden, la parte recurrida compareció y suplementó el apéndice correspondiente.

Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos ulteriores. Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

---

[4] *Véase*, pág. 11 de los anejos incluidos con la *Moción en Cumplimiento de Resolución* presentada por el DCR.

## II.

### -A-

La doctrina de revisión judicial nos encomienda "examinar si las decisiones de las agencias administrativas fueron hechas dentro de los poderes delegados y son compatibles con la política pública que las origina". *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018). Al efectuar tal encomienda, debemos "otorgar amplia deferencia a las decisiones de las agencias administrativas". *Vázquez v. Consejo de Titulares*, 2025 TSPR 56, 215 DPR ___ (2025).

La normativa jurisprudencial ha reiterado que existe en el derecho puertorriqueño una presunción de legalidad y corrección a favor de los procedimientos y decisiones realizadas por las agencias administrativas. *Rolón Martínez v. Supte. Policía, supra*, pág. 35. Lo anterior responde a la experiencia y pericia que se presume tienen dichos organismos para atender y resolver los asuntos que le han sido delegados. *Vázquez v. Consejo de Titulares,* supra.

Así, el estado de derecho vigente nos impone otorgarle deferencia a la agencia administrativa, siempre que la parte que la impugne no demuestre evidencia suficiente que rebata la presunción de legalidad y corrección. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan*, 2025 TSPR 33, 215 DPR ___ (2025). Por lo tanto, al realizar nuestra función revisora debemos enfocarnos en determinar si la agencia administrativa: (1) erró en aplicar la ley; (2) actuó arbitraria, irrazonable o ilegalmente; y (3) si lesionó derechos constitucionales fundamentales. *Torres Rivera v. Policía de PR*, 196 DPR 606, 627-628 (2016).

De este modo, si al realizar nuestra función revisora no nos encontramos ante alguna de las situaciones previamente mencionadas, tenemos el deber de validar la determinación realizada por la agencia administrativa. Íd. Ello, aun cuando exista más de una interpretación posible en cuanto a los hechos. Íd., pág.

627. Ahora bien, es preciso recordar que las conclusiones de derecho, por el contrario, serán revisables en todos sus aspectos. Sección 4.5 de la Ley Núm. 38-2017, según enmendada, mejor conocida como *Ley de Procedimiento Administrativa Uniforme del Gobierno de Puerto Rico* (LPAUG), 3 LPRA sec. 9675.

**-B-**

El Reglamento Núm. 8583, conocido como *El Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional*, aprobado el 4 de mayo de 2015 (Reglamento Núm. 8583), se promulgó con el propósito de crear un organismo administrativo que atendiera de manera efectiva los reclamos de la población correccional y velara por el cumplimiento las obligaciones y deberes impuestos al DCR por las leyes y reglamentos aplicables. Conforme a la Regla VI(1)(a) del referido reglamento, la División de Remedios es el organismo con jurisdicción para atender, entre otros asuntos, toda solicitud presentada por un miembro de la población correccional relacionada, directa o indirectamente, con incidentes que afecten su plan institucional. En ese contexto, el inciso 24 de la Regla IV del Reglamento define la solicitud de remedio como el recurso escrito presentado por un miembro de la población correccional respecto a una situación vinculada a su confinamiento que afecte su calidad de vida, seguridad y bienestar.

Una vez presentada la solicitud de remedio administrativo, corresponde a un evaluador de la División de Remedios emitir la respuesta correspondiente. A esos fines, la División de Remedios tiene el deber de realizar las gestiones necesarias para procurar la adecuada atención y resolución del planteamiento presentado por el miembro de la población correccional. Regla V(1)(c) del Reglamento Núm. 8583.

III.

La doctrina de revisión judicial nos encomienda "examinar si las decisiones de las agencias administrativas fueron hechas dentro de los poderes delegados y son compatibles con la política pública que las origina". *Rolón Martínez v. Supte. Policía,* supra, pág. 35. En ese ejercicio, debemos otorgar amplia deferencia a las determinaciones de las agencias administrativas. *Vázquez v. Consejo de Titulares,* supra. Por ello, este Tribunal intervendrá únicamente cuando la parte recurrente demuestre que la agencia actuó de forma arbitraria, irrazonable o ilegal, erró en la aplicación del derecho, o lesionó derechos constitucionales. *Torres Rivera v. Policía de PR*, supra, págs. 627-628. De no configurarse alguna de estas circunstancias, procede sostener la determinación administrativa. Íd.

A la luz de este marco normativo, examinamos la actuación de la División de Remedios del DCR. Conforme surge del Reglamento Núm. 8583, *supra*, la División de Remedios tiene jurisdicción para atender solicitudes relacionadas con situaciones que afecten el plan institucional de los miembros de la población correccional, así como el deber de realizar las gestiones necesarias para atender adecuadamente los planteamientos presentados. Reglas VI(1)(a) y V(1)(c) del Reglamento Núm. 8583, *supra*.

En el presente caso, surge del expediente que la División de Remedios atendió el planteamiento del recurrente y realizó las gestiones correspondientes con relación a su solicitud de integración a las terapias del SPEA. En específico, mediante la respuesta emitida el 3 de abril de 2026 y notificada el 8 de abril de 2026, se le informó al recurrente que se había brindado seguimiento al referido realizado a la SPEA y que, según información provista por la Secretaria del programa, este aún permanecía en lista de espera para ser integrado a terapias. Posteriormente, al atender la solicitud

de reconsideración presentada por el recurrente, la División de Remedios confirmó dicha respuesta e indicó que correspondía esperar a que fuese llamado para recibir las terapias solicitadas.

Reconocemos la importancia que reviste la rehabilitación moral y social de la población correccional dentro de nuestro ordenamiento jurídico, así como el valor que pueden tener las terapias y demás programas institucionales en la consecución de dicho objetivo. No obstante, ello no implica que el recurrente tenga derecho a recibir un trato preferencial o prioritario sobre otros miembros de la población correccional que igualmente se encuentran en espera de recibir los mismos servicios. El expediente demuestra que el señor Hernández fue referido al programa correspondiente y que su caso continúa dentro del proceso administrativo establecido para la integración a terapias. Pretender que este Tribunal ordene su integración inmediata supondría intervenir indebidamente con la administración interna del sistema correccional y alterar el manejo de las listas de espera y criterios operacionales establecidos por la agencia concernida.

Así pues, no surge del expediente que la División de Remedios haya incurrido en actuación arbitraria, irrazonable o contraria a derecho. Por el contrario, la evidencia demuestra que dicha dependencia atendió la solicitud presentada, realizó seguimiento al referido correspondiente y le comunicó al recurrente el estatus de su petición dentro del proceso administrativo aplicable. Aunque el señor Hernández sostiene que las terapias son necesarias para su proceso de rehabilitación y para evitar afectaciones a su plan institucional, ello no derrota la presunción de corrección que cobija las actuaciones administrativas ni demuestra que la recurrida incumpliera con los deberes impuestos por el Reglamento Núm. 8583, *supra.* En consecuencia, al no haberse demostrado que la

actuación administrativa impugnada fuese ilegal, arbitraria o irrazonable, procede confirmar la determinación recurrida.

IV.

Por los fundamentos antes expuestos, ***confirmamos*** el dictamen recurrido.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones